**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Oscar Donaldo Martinez Veliz | ) | |
| c/o DC Employment Justice Center | ) | |
| 1413 K St., NW, 5th Floor | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| Bonifacio Ayala | ) | Case No. 12-cv-1254 |
| c/o DC Employment Justice Center | ) | |
| 1413 K St., NW, 5th Floor | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Carmen Yesenia Mejia | ) | |
| c/o DC Employment Justice Center | ) | |
| 1413 K St., NW, 5th Floor | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Vigor Restaurant, LLC | ) | |
| d/b/a Epicurean and Company | ) | |
| Registered Agent: | ) | |
| Jecca Corporate Services, Inc. | ) | |
| 1225 19th St., NW, #320 | ) | |
| Washington, DC 20036 | ) | |
| | ) | |
| RC CT Avenue Restaurant, LLC | ) | |
| d/b/a Epicurean and Company | ) | |
| Registered Agent: | ) | |
| Jecca Corporate Services, Inc. | ) | |
| 1225 19th St., NW, #320 | ) | |
| Washington, DC 20036 | ) | |
| | ) | |
| Chang Wook Chon | ) | |
| 3800 Reservoir Road, NW | ) | |
| Washington, DC 20007 | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiffs Oscar Donaldo Martinez Veliz, Bonifacio Ayala, and Carmen Yesenia Mejia (collectively, "Plaintiffs") bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the District of Columbia Minimum Wage Revision Act ("DC Minimum Wage Act"), D.C. Code § 32-1000 *et seq.* Through this action, Plaintiffs seek to recover unpaid overtime compensation, liquidated damages, interest, declaratory and injunctive relief, and attorneys' fees and costs.

## JURISDICTION

1.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendants do business in this district and are subject to personal jurisdiction in this district.

## PARTIES

3.      Defendant Vigor Restaurant, LLC ("Vigor") is a domestic limited liability company organized and existing under the laws of the District of Columbia and registered to do business in the District of Columbia. Vigor maintains a restaurant in the District of Columbia, which does business as Epicurean and Company. The Vigor establishment is located at 3800 Reservoir Road, NW, Washington, DC 20007.

4.      Defendant RC CT Avenue Restaurant, LLC ("RC") is a domestic limited liability company organized under the laws of the District of Columbia and registered to do business in

the District of Columbia.  RC maintains or maintained a restaurant in the District of Columbia, which does business as Epicurean and Company.  The RC establishment is or was located at 4250 Connecticut Ave., NW, Washington, DC 20008.

5.     Chang Wook Chon owns and operates or has owned and operated both the Vigor and RC CT establishments (collectively, "Epicurean"), is responsible for Epicurean's established pay policies and significant business functions, makes hiring decisions, and acts personally as an employer suffering and permitting Plaintiffs and other Epicurean employees to work as defined in 29 U.S.C. § 203(d) and D.C. Code § 32-1002(1).  This Complaint shall refer to Epicurean (*e.g.*, Vigor and RC) and Mr. Chon collectively as "Defendants."

6.     Defendants constitute an enterprise that collectively conducts business and employment practices in the District of Columbia.  Each of the named Defendants consented to, authorized, and/or ratified the acts alleged herein and is a joint employer of Plaintiffs within the meaning of 29 C.F.R. § 791.2.

7.     On information and belief, Epicurean's annual gross volume of sales exceeds $500,000.

8.     Plaintiff Oscar Donaldo Martinez Veliz is a resident of Washington, D.C.

9.     Plaintiff Oscar Donaldo Martinez Veliz was employed by Defendants at their 4250 Connecticut Ave., NW and their 3800 Reservoir Road, NW locations.

10.    Plaintiff Oscar Donaldo Martinez Veliz was employed by Defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code § 32-1002(1).

11.    Plaintiff Oscar Donaldo Martinez Veliz was an employee of Defendants within the meaning of 29 U.S.C. § 203(e) and D.C. Code § 32-1002(2).

12.     Throughout his employment with Defendants, Plaintiff Oscar Donaldo Martinez Veliz held various responsibilities, including as a cook's assistant (who prepared food to be cooked by cooks), as a food runner (who carried food from the kitchen to the buffet lines), as a cleaner (who cleaned and maintained cooking equipment and restaurant premises), and other positions.

13.     Plaintiff Bonifacio Ayala is a resident of Maryland.

14.     Plaintiff Bonifacio Ayala was employed by Defendants at their 3800 Reservoir Road, NW location.

15.     Plaintiff Bonifacio Ayala was employed by Defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

16.     Plaintiff Bonifacio Ayala was an employee of Defendants within the meaning of 29 U.S.C. § 203(e) and D.C. Code § 32-1002(2).

17.     Throughout his employment with Defendants, Plaintiff Bonifacio Ayala held various responsibilities, including as a cook's assistant (who prepared food to be cooked by cooks), as a food runner (who carried food from the kitchen to the buffet lines), as a cleaner (who cleaned and maintained cooking equipment and restaurant premises), and other positions.

18.     Plaintiff Carmen Yesenia Mejia is a resident of Washington D.C.

19.     Plaintiff Carmen Yesenia Mejia was employed by Defendants at their 4250 Connecticut Ave., NW and their 3800 Reservoir Road, NW locations.

20.     Plaintiff Carmen Yesenia Mejia was employed by Defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

21.     Plaintiff Carmen Yesenia Mejia was an employee of Defendants within the meaning of 29 U.S.C. § 203(e) and D.C. Code § 32-1002(2).

22.     Throughout her employment with Defendants, Plaintiff Carmen Yesenia Mejia held various responsibilities, including as a cook's assistant (who prepared food to be cooked by cooks), as a food runner (who carried food from the kitchen to the buffet lines), as a cleaner (who cleaned and maintained cooking equipment and restaurant premises), and other positions.

## GENERAL ALLEGATIONS

23.     From approximately, March 1, 2010 through April 3, 2011, Defendants employed Plaintiff Oscar Donaldo Martinez Veliz and paid him at various rates, sometimes by salary and sometimes by an hourly rate.

24.     Plaintiff Oscar Donaldo Martinez Veliz is a non-exempt employee under the FLSA and the DC Minimum Wage law.

25.     Plaintiff Oscar Donaldo Martinez Veliz worked for Defendants in excess of 40 hours per week ("Overtime Hours") on various occasions.

26.     When Plaintiff Oscar Donaldo Martinez Veliz worked Overtime Hours, Defendants generally failed to pay him one and one-half times his regular rate of pay for the Overtime Hours.

27.     Other employees of Epicurean filed an action against Defendants on June 25, 2010.  That action was captioned *Ferrufino et. al* v. *Vigor Restaurant, LLC, et al.*, No. 10-cv-01070 (D.D.C.) (Wilkins, J.).  That action alleged that Defendants violated the FLSA and the DC Minimum Wage Act, among other laws.  This Court conditionally certified that action as a collective action on or about April 20, 2011.  In that decision, this Court ordered Defendants to produce to Plaintiffs' counsel the names and addresses of all potential members of the collective action as defined in the Court's April 20, 2011, order.

28.     Oscar Donaldo Martinez Veliz was a member of the collective action as defined by the Court's April 20, 2011, order.

29.     Defendants did not produce to Plaintiffs' counsel the name or address of Oscar Donaldo Martinez Veliz.

30.     Oscar Donaldo Martinez Veliz never received a notice regarding the *Ferrufino* action.

31.     Oscar Donaldo Martinez Veliz did not know how to exercise his right to join the *Ferrufino* action.

32.     Oscar Donaldo Martinez Veliz did not join the *Ferrufino* action.

33.     From approximately, July 2008 through April 2012, Defendants employed Plaintiff Bonifacio Ayala and paid him various rates, sometimes by salary and sometimes by an hourly rate.

34.     Plaintiff Bonifacio Ayala is a non-exempt employee under the FLSA and the DC Minimum Wage law.

35.     Plaintiff Bonifacio Ayala worked for Defendants in excess of 40 hours per week on various occasions.

36.     When Plaintiff Bonifacio Ayala worked Overtime Hours, Defendants generally failed to pay him one and one-half times his regular rate of pay for the Overtime Hours.

37.     From approximately March 2010 through June 2010, and then from approximately November 14, 2010 through February 2, 2011, Defendants employed Plaintiff Carmen Yesenia Mejia and paid her approximately $10 an hour.

38.     Plaintiff Carmen Yesenia Mejia is a non-exempt employee under the FLSA and the DC Minimum Wage law.

39.    Plaintiff Carmen Yesenia Mejia worked for Defendants in excess of 40 hours per week on various occasions.

40.    Plaintiff Carmen Yesenia Mejia worked Overtime Hours, Defendants generally failed to pay her at all for the Overtime Hours.

41.    Defendants failure to comply with the overtime requirements of the FLSA and the D.C. Minimum Wage Act was willful because, among other reasons:

    a.    Defendants were and are aware that the FLSA requires Defendants to pay time and one-half for all hour worked in excess of 40 hours in any one work week;

    b.    Defendants failed to maintain true and accurate time records;

    c.    Defendants failed to maintain true and accurate payroll records;

    d.    Defendants have been sued previously by private litigants for failure to pay overtime wages required by the FLSA.

    e.    Defendants have previously testified under oath that they failed to pay one and a half times the regular rate of pay for all Overtime Hours worked by some of their other employees.

### FIRST CAUSE OF ACTION
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**

42.    Plaintiffs incorporate paragraphs 1-41 as if set forth in their entirety herein.

43.    Section 7(a)(1) of the FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

7

44.     Defendants violated the FLSA by knowingly failing to compensate Plaintiffs at a rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

45.     Defendants' failure to pay overtime wages was willful and not in good faith as evidenced by its failure to pay overtime wages at the proper rate when Defendants knew, or should have known, that such wages were due.

46.     Defendants are liable to Plaintiffs under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime compensation, plus an additional amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any such other and further relief as is deemed appropriate by the court.

## SECOND CAUSE OF ACTION
### (Violation of the DC Minimum Wage Act, D.C. Code § 32-1003, *et seq.*)

47.     Plaintiffs incorporate paragraphs 1-46, as if set forth in their entirety herein

48.     In pertinent part, the DC Minimum Wage Act provides that "No employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 1/2 times the regular rate at which the employee is employed."  D.C. Code § 32-1003(c).

49.     Defendants failed to pay Plaintiffs an overtime wage of at least one and one-half times his usual hourly wage for each hour in excess of 40 hours per week, in violation of D.C. Code § 32-1003(c).

50.     Defendants are liable to Plaintiffs under D.C. Minimum Wage Act, D.C. Code § 32-1012 for their unpaid overtime compensation, plus an additional amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any such other and further relief as is deemed appropriate by the court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

a.     Declare that Defendants willfully violated Plaintiffs' rights under the FLSA and the DC Minimum Wage Act;

b.     Enjoin Defendants to comply with all applicable federal and state wage laws;

c.     Award to Plaintiffs their overtime wages plus an equal amount of liquidated damages as required by FLSA and the DC Minimum Wage Act;

d.     Award Plaintiffs pre-judgment interest on all amounts owed;

e.     Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided by 29 U.S.C. § 216(b) and D.C Code § 32-1012(c).

f.     Grant such other and further relief as the court may deem just and proper.

Respectfully submitted,

/s/ Darin M. Dalmat
Edgar N. James
D.C. Bar Number 333013
Darin M. Dalmat
D.C. Bar Number 978922
James & Hoffman, P.C.
1300 Connecticut Ave., NW, Suite 950
Washington, D.C. 20036
(202) 496-0500
ejames@jamhoff.com
dmdalmat@jamhoff.com

Laura A. Brown
D.C. Bar Number 488292
DC Employment Justice Center
1413 K St. NW, Fifth Floor
Washington, D.C. 20005
(202) 645-5524
lbrown@dcejc.org

Attorneys for Plaintiff

Dated: July 30, 2012